```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN WAGNER,                         :      CIVIL ACTION
     Plaintiff,                       :
                                      :
     v.                               :
                                      :
BRISTOL TOWNSHIP,                     :      NO.  02-4713
     Defendant.                       :
```

## O R D E R

AND NOW, this    day of February, 2003, upon consideration of the Defendant's Motion to Dismiss First Amended Complaint (Doc. 11) and the Plaintiff's response, it is hereby ORDERED that said Motion is DENIED.

The Defendant moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides that a case should be dismissed if it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When determining whether a complaint meets this requirement, a court must accept the facts as alleged in the complaint and take all reasonable inferences in favor of the plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The Plaintiff has sufficiently pleaded a cause of action under 42 U.S.C. § 1983. Specifically, the Plaintiff alleged a violation of his first and fourteenth amendment rights. The Plaintiff claims that his position as Supervisor of the Public Works Department was cut from the Defendant's budget by the City Council in retaliation for his decision to seek reelection as a constable and refusal to support the election of another constable.

Generally, a public entity may not dismiss an employee

1

because he engaged in protected first amendment activity. <u>Pickering v. Bd. of Education of Township High School District</u>, 391 U.S. 563 (1968). Seeking political office and voicing support for other candidates is a traditional first amendment activity. <u>See</u> <u>Simmons v. Stanton</u>, 502 F.Supp. 932 (W.D. Mich. 1980). The Plaintiff alleges that it was on the basis of this activity that the City Council chose to cut his position from the budget, thus causing his dismissal.

The Complaint also alleges sufficient facts to find municipal liability. To hold a municipality liable under § 1983, a plaintiff must show that the constitutional violation occurred as a result of an "ordinance, regulation, or decision officially adopted" by the officers of the municipality. <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690 (1978). In this case, the alleged constitutional violation was caused by the City Council's removal of the Plaintiff's position from the Township budget. The adoption and approval of the Township's budget is clearly an official act of the municipality. The Plaintiff has further alleged that the Township had an unconstitutional motivation for this action. <u>See</u> <u>Jantzen v. Hawkins</u>, 188 F.3d 1247 (10th Cir. 1999)(requiring unconstitutional motivation). The Complaint alleges that a majority of the Council voted for the budget because of the Plaintiff's decision to seek reelection and his refusal to support another candidate for constable.

AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.