IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WAGNER, | : | CIVIL ACTION NO.: 02-cv-4713 |
| *Plaintiff*, | : | |
| vs. | : | |
| BRISTOL TOWNSHIP, | : | |
| *Defendant*. | : | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, by undersigned counsel, requests that the jury be instructed as follows:

1. Plaintiff, Kevin Wagner, has brought suit alleging that Defendant Bristol Township retaliated against him for engaging in activity protected under the First Amendment.

2. Wagner is and was an elected Constable for Defendant Township and planned on running for re-election in 2003. This activity is protected activity under the First Amendment. Johnson v. Cushing, 438 F.Supp. 608 (D. Minn. 1980); DeStefano v. Wilson, 96 N.J. Super. 592, 233 A.2d 682 (1967); Mysinger v. Foley, 651 F.Supp. 328 (W.D. Ark. 1987).

3. It is well established law that a municipality can be held liable for its unconstitutional acts in eliminating budgetary funding for a particular position. Langford v. City of Atlantic City, 235 F.3d 845, 850 (3rd Cir. 2000).

4. If you find that the budgetary funding for Wagner's Supervisor position was eliminated in retribution for Wagner's refusal to resign the elected position of Constable

and agree not to run for re-election as Constable, then you must render a verdict in favor of Wagner.

5. To prove a prima facie case of retaliation, Wagner must prove two elements. Baldassare v. State of New Jersey, 250 F.3d 188, 195 (3rd Cir. 2001).

6. First, Wagner must establish that the activity in question was protected, meaning his right to run for and hold the elected position of Constable. Baldassare v. State of New Jersey, 250 F.3d 188, 195 (3rd Cir. 2001); Watters v. City of Philadelphia, 55 F.3d 886, 892 (3rd Cir. 1995); Holder v. City of Allentown, 987 F.2d 188, 194 (3rd Cir. 1993).

7. Second, Wagner must establish that the protected activity was a substantial or motivating factor in the Township's decision to eliminate budgetary funding for his Supervisor position. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Baldassare v. State of New Jersey, 250 F.3d 188, 195 (3rd Cir. 2001); Watters v. City of Philadelphia, 55 F.3d 886, 892 (3rd Cir. 1995).

8. If you conclude that the Township's actions, in voting to eliminate the funding for Wagner's Supervisor position, was in retribution for his refusal to step down from his position as Constable and not run for re-election, then you must find in favor of Wagner.

9. In this case, if you conclude that Defendant Bristol Township retaliated against Wagner for engaging in activity protected under the First Amendment, then Wagner is entitled to recover damages for his economic losses as well as compensatory

damages for any non-economic losses he may have sustained.

10. A person who is a victim of unlawful retaliation is entitled to be restored to the position he would have had but for the retaliation, with all lost monies and benefits. In this case, the appropriate measure of damages is the amount of lost salary and benefits from February 15, 2002 until today, increased by the value of pension benefits and other fringe benefits that Wagner would have accrued but for the retaliatory actions, and decreased by any earnings and fringe benefits received by Wagner from another employer since the date Defendant eliminated his position.

Fringe benefits include, but are not limited to the following items:

Any pension contribution made by the employer

Any insurance payments made by the employer

Any vacation pay, sick leave bonus or stock options.

Maxfield v. Sinclair International Corp., 766 F.2d 788 (3d Cir. 1985) cert denied 106 S.Ct. 796 (1986); Starceski v. Westinghouse Electronic Corp., 54 F. 3d 1089, 1100 (3d Cir. 1995); Loeffler v. Frank, 486 U.S. 549, 558 (1988); Booker v. Taylor Milk Co., 64 F.3d 860 (3d Cir. 1995).

11. Wagner is not required to prove with unrealistic precision the amount of lost earnings due to him. Any ambiguities in determining what Wagner would have earned should be resolved against Defendant. Green v. USX Corp., 843 F.2d 1511, 1532 (3d Cir. 1988); Starceski v. Westinghouse Electronic Corp., 54 F. 3d 1089, 1100 (3d Cir. 1995); Goss v. Exxon Office Systems Co., 747 F.2d 885, 889 (3d. Cir. 1984); Bartek v.

Urban Redevelopment Authority of Pittsburgh, 882 F.2d 739, 746 (3d Cir. 1989); Protos v. Volkswagen of American, 797 F.2d 129 (3d Cir. 1986).

12. In addition, you may consider whether you should award Wagner any salary and benefits he would have received in the future. This is often called "front pay." Whether or not Wagner should be given an award of future pay and benefits is within your sound discretion and in making this decision you should consider all the facts and circumstances in this case.

In deciding whether Wagner is entitled to an award of future pay and benefits you may consider, among other factors, the availability of employment, the period within which Wagner by reasonable efforts may be employed, Wagner's working life expectancy and his duty to mitigate. Mitigate is a word you have not heard before, and I will be explaining it to you in just a minute. Maxfield v. Sinclair International Corp., 766 F.2d 788, 796 (3d Cir. 1985).

13. In considering the amount of future damages/front pay to award, you are to consider the entire employment benefit package. This includes lost future wages, lost pension benefits, and all other fringe benefits. Blum v. Witco Chemical Corp., 829 F.2d 367, 373-74 (3d Cir. 1987).

14. I shall now explain to you what I meant by the term mitigate or mitigation. As a general rule of law, a victim of unlawful retaliation is entitled to be placed in the same position he or she would have occupied absent that retaliation. However, he must make reasonable efforts to minimize or reduce his damages for loss of compensation by

seeking other employment.  This is called mitigation of damages.  You must reduce the amount of back or front pay you award by (1) what Wagner earned or (2) what Wagner could have earned by reasonable effort during the period from Defendant's discharge of him until today.

Wagner has no obligation to accept or retain employment that is not substantially equivalent to the employment he had with Defendant.  A retaliation plaintiff therefore must also use reasonable diligence to obtain substantially equivalent employment.  The reasonableness of Wagner's diligence to mitigate damages should be evaluated in light of the individual characteristics of the Plaintiff and of the job market.  <u>Ford Motor Company v. EEOC</u>, 458 U.S. 219, 231-232, &n. 14, 102 S.Ct. 3057, 3065-66 & n. 14 (1982); <u>Booker v. Taylore Milk Co.</u>, 65 F.3d 861, 865 (3d Cir. 1995).

15.    It is Defendant's burden to prove that Wagner failed to use reasonable effort to find substitute employment, and that burden is by a preponderance of the evidence.  To meet its burden, an employer must demonstrate that (1) substantially equivalent work was available and (2) the plaintiff did not exercise reasonable diligence to obtain the employment.

Substantially equivalent employment means employment that affords virtually identical promotion opportunity, compensation, job responsibilities, working conditions and status as the position Wagner desired to obtain from Defendant employer.  <u>Ford Motor Company v. EEOC</u>, 458 U.S. 219, 231-232, &n. 14, 102 S.Ct. 3057, 3065-66 & n. 14 (1982); <u>Booker v. Taylore Milk Co.</u>, 65 F.3d 861, 865 (3d Cir. 1995).

16.    Wagner also has alleged that, as a result of Defendant's retaliation, he has suffered emotional distress, humiliation, inconvenience, mental anguish, and loss of enjoyment of life.  Wagner has the burden of proving any damages for these types of injuries by a preponderance of the evidence.  If you determine that Wagner has proven by a preponderance of the evidence that he has experienced emotional pain, humiliation, inconvenience, mental anguish, or loss of enjoyment of life, you may award him damages for those injuries.  No evidence of the monetary value of such intangible things as humiliation, inconvenience or pain and suffering has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for these elements of damages.  The damages that you award must be fair compensation - no more and no less.

When considering the amount of damages to which Wagner may be entitled, you should consider the nature, character, and seriousness of any pain, suffering, inconvenience, mental anguish, humiliation or loss of enjoyment of life he felt.  You must also consider its extent or duration, as any award you make must cover the damages endured by Wagner since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that Wagner's humiliation or emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.  <u>Bolden v. SEPTA</u>, 21 F.3d 29, 33-35 (3d Cir. 1994).

Respectfully submitted,

SIDNEY L. GOLD & ASSOCIATES, P.C.

_____
SIDNEY L. GOLD, ESQUIRE
Identification No.: 21374
Suite 515, 1835 Market Street
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**