\01_19\LIAB\SJS\LLPG\390620\SJS\13061\00233

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN WAGNER             :
                            :
         vs.              :        Civil Action No. 02-4713
                            :
BRISTOL TOWNSHIP       :

### DEFENDANT, BRISTOL TOWNSHIP'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF, OR ANY WITNESS, FROM TESTIFYING AS TO POTENTIAL FRONT PAY CALCULATIONS OR ANY RELATED FUTURE LOST WAGES AND INCORPORATED MEMORANDUM OF LAW

Defendant, Bristol Township, respectfully moves the Court for an Order precluding any witness testimony and/or evidence of plaintiff's potential future lost wages or front pay calculations. In support of this motion, Bristol Township incorporates the following Memorandum of Law.

### MEMORANDUM OF LAW

Bristol Township anticipates that plaintiff may attempt to testify, in the absence of expert testimony, to his own future economic damages and projections of future lost earnings in an effort to support his request for a front pay award should the jury make a finding of liability against the Defendant. Bristol Township submits that such a method of offering proof on these issues is too speculative and lacks proper foundation upon which to base an award of future economic damages or earnings.

In ***Wilcox v. Stratton Lumber, Inc., 921 F. Supp. 837 (D. Me. 1996)***, plaintiff employee brought a sexual harassment and sexual discrimination suit against her former employer, seeking back pay, front pay and attorney's fees. The court awarded the employee back pay, but denied any front pay award. The Court found that plaintiff's testimony regarding her future lost

earnings was based purely on her own experiences, and that it was not supported by expert testimony. *Id. at 844.* In particular, the Court found that plaintiff's testimony with respect to what she projected to earn had she continued working for the defendant, without any expert testimony on the matter, was too speculative in nature and did not support any front pay award. For this reason, the Court found that the plaintiff failed to meet her burden of proof on front pay, and was thus not entitled to a front pay award. *Id.*

Likewise, in *Olabode v. William Hecht Inc., 1997 U.S. Dist. LEXIS 20983 (E.D. Pa. 1997)*, the district court denied plaintiff's request for front pay damages as a result of plaintiff's failure to produce evidence on which a jury could reasonably base a calculation of front pay damages. Specifically, because plaintiff failed to introduce expert testimony concerning his future economic losses, the court held that the plaintiff failed to meet his initial burden of proof of "providing information from which [his] damages [could] be determined," and was thus not entitled to an award of front pay damages. *Id. at *4 (quoting EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 841 (6th Cir. 1994)).*

Courts recognize the need for concrete evidence, based upon an appropriate foundation, to support an award of future earnings. Testimony that is speculative in nature or that is based purely on plaintiff's own personal experiences is insufficient to support a front pay award. Likewise, where the plaintiff offers no expert testimony concerning his future economic losses, the courts have found that the plaintiff failed to satisfy his burden of producing sufficient evidence on which a jury could reasonably base a calculation of front pay damages. For these reasons, Bristol Township requests that the Court preclude plaintiff from proffering such speculative testimony as to his projected lost earnings and front pay calculations.

WHEREFORE, Bristol Township respectfully requests that this Honorable Court enter an Order in the form attached hereto, precluding plaintiff, or any witness, from presenting testimony or evidence regarding future lost wages or front pay calculations.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**


BY:_____

      THOMAS C. DELORENZO
      1845 Walnut Street
      Philadelphia, PA 19103
      (215) 575-2741

      Attorney for Defendant, Bristol Township

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

KEVIN WAGNER                    :
                                :
        vs.                     :        Civil Action No. 02-4713
                                :
BRISTOL TOWNSHIP                :

---

### ORDER

    AND NOW, this _____ of _____, 2003, upon

consideration of Defendant's Motion in Limine to Preclude Testimony Regarding  Potential

Front Pay Calculations or any Related Future Lost Wages, and any response thereto, it is hereby

**ORDERED** and **DECREED** that Defendants' Motion in Limine is **GRANTED** and plaintiff, or

any witness, is precluded from presenting testimony or evidence regarding future lost wages or

front pay calculations.

                    BY THE COURT:

                    _____

                                    J.

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas C. DeLorenzo, Esquire, do hereby certify that a true and correct copy of Defendant, Bristol Township's Motion in Limine to Preclude Plaintiff, or any Witness, from Testifying as to Potential Front Pay Calculations or any Related Future Lost Wages and Incorporated Memorandum of Law was served upon all parties by Hand Delivery at the following addresses:

Sidney L. Gold, Esquire
SIDNEY L. GOLD & ASSOCIATES, P.C.
11 Penn Center, Suite 515
1835 Market Street
Philadelphia, PA  19103


_____
                         THOMAS C. DELORENZO

DATED:_____